**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-1852**

———————

RAYMOND M. GEE; ADAM A. MARTIN,

Plaintiffs - Appellees,

v.

DELTA SPEIR PLANTATION LLC,

Defendant - Appellant,

and

JAMES S. SHAW,

Defendant.

———————

**No. 20-1912**

———————

RAYMOND M. GEE; ADAM A. MARTIN,

Plaintiffs - Appellants,

v.

DELTA SPEIR PLANTATION LLC,

Defendant - Appellee,

and

JAMES S. SHAW,

Defendant.

---

Appeals from the United States District Court for the District of South Carolina, at Beaufort.  David C. Norton, District Judge.  (9:18-cv-02755-DCN)

---

Submitted:  February 23, 2022                                      Decided:  February 25, 2022

---

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Caroline M. Gieser, SHOOK HARDY & BACON LLP, Atlanta, Georgia; Matthew P. McGuire, Raleigh, North Carolina, Caitlin C. VanHoy, ALSTON & BIRD, LLP, Charlotte, North Carolina, for Appellant/Cross-Appellee.  Rex C. Morgan, Robert C. Gunst, Jr., BAUCOM, CLAYTOR, BENTON, MORGAN & WOOD, PA, Charlotte, North Carolina, for Appellees/Cross-Appellants.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Raymond M. Gee and Adam A. Martin (collectively, "Plaintiffs") sued Delta Speir Plantation LLC ("Delta Speir") and James S. Shaw, raising claims of breach of contract and quantum meruit. Plaintiffs assisted Delta Speir in obtaining a large tract of land in South Carolina and in donating a portion of the land to the Savannah College of Art and Design ("SCAD") for tax deduction purposes. The parties entered into a Profit Participation Agreement ("PPA"). Plaintiffs alleged that they were entitled to two payments under the PPA: 20% of the total tax savings Delta Speir received from the SCAD donation, and 20% of the proceeds of Delta Speir's sale of timber rights to a third party.

Delta Speir moved to dismiss Plaintiffs' claims for failure to state a claim. Applying South Carolina law, the district court partially granted Delta Speir's motion and dismissed Plaintiffs' timber proceeds claim. After discovery, Delta Speir moved for partial summary judgment on the quantum meruit claim. Plaintiffs cross moved for partial summary judgment on the breach-of-contract claim related to tax savings. Now applying North Carolina law, the district court granted both motions for partial summary judgment and awarded Plaintiffs 20% of the total tax savings without deducting costs. The district court subsequently amended the judgment to include prejudgment interest in the damages award.

In its appeal, Delta Speir contends that the district court erred by awarding Plaintiffs 20% of the total tax savings instead of 20% of the tax savings after costs and expenses were deducted. In their cross-appeal, Plaintiffs contend that the district court erred by dismissing their timber rights claim for failure to state a claim. We now affirm both orders and the amended judgment.

3

I.

Plaintiffs assert that they were entitled to 20% of the profits from the timber sale under Section 2.a of the PPA.  We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party."  *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Although the district court applied South Carolina law, we apply the law of North Carolina.  "A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules."  *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 599-600 (4th Cir. 2004).  South Carolina has long applied the traditional rule of lex loci contractus.  *Livingston v. Atl. Coast Line R.R. Co.*, 180 S.E. 343, 345 (S.C. 1935); *see also Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 455 (S.C. Ct. App. 1997).  Because Plaintiffs accepted and signed the contract in North Carolina, North Carolina law governs.

"A contract for the sale . . . of timber to be cut is a contract for the sale of goods . . . whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting . . . ."  N.C. Gen. Stat. § 25-2-107(2) (2021).  In other words, "timber is classified as goods under North Carolina law when it is

4

the subject of a contract for sale." *Fordham v. Eason*, 521 S.E.2d 701, 704 (N.C. 1999). Timber that is not subject to a contract for sale, however, remains a part of the realty. *Id.*

We agree with the district court's reasoning that Delta Speir's sale of timber to the third party was the triggering event for the purposes of applying Section 2.a of the PPA. Because the timber became goods under North Carolina law at the moment its rights were sold, *see id.*, the timber was no longer a portion of the land the moment Delta Speir sold it.

## II.

Delta Speir contends that the district court wrongly read the word "profit" out of Section 2.b of the PPA. Instead, Delta Speir asserts that Section 2.b only requires that Delta Speir pay Plaintiffs 20% of the tax savings after expenses. Alternatively, Delta Speir contends that Section 2.b of the PPA is ambiguous and that a jury should determine its interpretation and effect.

"We review a district court's grant of summary judgment de novo, . . . viewing the facts in the light most favorable to the nonmoving party." *Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020). "Summary judgment is properly awarded only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). "[T]he relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference

5

upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"It is the general law of contracts that the purport of a written instrument is to be gathered from its four corners." *Ussery v. Branch Banking & Tr. Co.*, 777 S.E.2d 272, 279 (N.C. 2015) (cleaned up). "The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time" the contract was executed. *Morrell v. Hardin Creek, Inc.*, 821 S.E.2d 360, 366 (N.C. 2018) (internal quotation marks omitted). Contracts are construed as a whole, and "[e]ach clause and word is considered with reference to each other and is given effect by reasonable construction." *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 802 S.E.2d 888, 892 (N.C. 2017) (internal quotation marks omitted). "[W]hen the terms of a contract are plain and unambiguous, . . . [t]he contract is to be interpreted as written." *State v. Philip Morris USA Inc.*, 685 S.E.2d 85, 91 (N.C. 2009) (internal quotation marks omitted). "When an agreement is ambiguous and the intention of the parties is unclear, however, interpretation of the contract is for the jury." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.*, 658 S.E.2d 918, 921 (N.C. 2008).

As the district court recognized, Section 2.b of the PPA clearly and unambiguously establishes that Plaintiffs are entitled to 20% of the tax savings, not 20% of the profits realized from the tax savings. The parties understood how to draft language to make it clear whether Plaintiffs were entitled to a share of the profits instead of a share of the total; Section 2.a clearly states that Plaintiffs are entitled to 20% of the *profits* from any sale of

6

the land or a portion thereof.  Section 2.b, on the other hand, omits any reference to the word "profit" in the body of the text.  In addition, contrary to Delta Speir's assertion on appeal, Section 2.b's heading does not alter our conclusion.

Delta Speir's proposed interpretation is also inconsistent with the PPA's internal definition of a profit.  The PPA defines a profit as "the total proceeds from a *sale*, less reasonable expenses." (J.A. 21).[*]  A sale is "[t]he transfer of property or title *for a price*." *Sale*, Black's Law Dictionary (11th ed. 2019).  Because Delta Speir received no compensation from SCAD for the donation, the donation does not qualify as a sale.

Accordingly, we affirm the district court's orders dismissing Plaintiffs' timber proceeds claim and granting Plaintiffs partial summary judgment on their tax savings claim, and the court's amended judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

7